UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


MORROBEL CANELO, B.D.,                :
                    Plaintiff,        :
        v.                            :
                                      :        CA 06-210 T
HOWARD G. SUTTON,                     :
THE PROVIDENCE JOURNAL COMPANY,       :
et al.,                               :
                    Defendants.       :


## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge


Before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #2) ("Application") in the instant civil rights action. Plaintiff is suing the Providence Journal Company, ten of its officials and/or employees, and its parent company, the Belo Corporation (collectively "Defendants"), see Complaint (Doc. #1) ¶¶ 3-12, for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, see id. at 1. Plaintiff also invokes the pendent jurisdiction of this Court over matters relating to state law. Id. at 2; see also id. at 6-7.

The Application has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I recommend that the Application be denied and that the Complaint be dismissed.

### Discussion

Plaintiff has submitted the required affidavit, see 28 U.S.C. § 1915(a)(1), and certified copy of his prisoner trust fund account statement from the appropriate official at the Adult Correctional Institutions ("A.C.I."), where Plaintiff is

currently incarcerated, see 28 U.S.C. § 1915(a)(2).  However, 28
U.S.C. § 1915(e)(2) provides that:

> Notwithstanding any filing fee, or any portion thereof,
> that may have been paid, the court shall dismiss the case
> at any time if the court determines that--
>
> . . .
>
> (B) the action or appeal--
>
> . . .
>
> (ii) fails to state a claim on which relief may be
> granted . . . .

28 U.S.C. § 1915(e)(2).  Such is the case here.

Plaintiff alleges that Defendants have violated his rights
under the Eighth and Fourteenth Amendments to be protected from
cruel and unusual punishment, see Complaint at 7, by publishing
on March 23, 2003, an allegedly false and defamatory news
article, see id. at 4, 7, which Plaintiff claims "exposed [him]
to public scorn, hatred, co[n]tempt[,] embarrassment, and
humiliation," id. at 7.  He states that he read the article,
which had been clipped from the newspaper and sent to him by his
ex-wife, while incarcerated at the ACI.  See id.

"The two essential elements of an action under 42 U.S.C. §
1983[1] are ... (i) that the conduct complained of has been

---

[1] Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress
> . . . .

42 U.S.C. § 1983.

committed under color of state law, and (ii) that this conduct
worked a denial of rights secured by the Constitution or laws of
the United States." <u>Chongris v. Bd. of Appeals of Andover</u>, 811
F.2d 36, 40 (1st Cir. 1987)(citing <u>Parratt v. Taylor</u>, 451 U.S.
527, 535, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981)); <u>see also</u>
<u>Forbes v. Rhode Island B'hood of Corr. Officers</u>, 923 F.Supp. 315,
321 (D.R.I. 1996)(quoting <u>Chongris v. Bd. of Appeals of Andover</u>).
"The traditional definition of acting under color of state law
requires that the defendant in a § 1983 action have exercised
power possessed by virtue of state law and made possible only
because the wrongdoer is clothed with the authority of state
law." <u>Id.</u> (citation and internal quotation marks omitted).
Section 1983 does not apply to private conduct. <u>See</u> <u>id.</u> ("It is
axiomatic that neither Section 1983, nor the Fourteenth Amendment
apply to private conduct.")(citing <u>Rodriguez-Garcia v. Davila</u>,
904 F.2d 90, 95 (1st Cir. 1990)).

Plaintiff makes no factual allegations in the Complaint as
to how any of Defendants' conduct was "committed under color of
state law ...," <u>Chongris v. Bd. of Appeals of Andover</u>, 811 F.2d
at 40. Indeed, it appears that he is suing private actors.
Thus, the first required element of a § 1983 action is not
present.[2] Accordingly, Plaintiff's § 1983 claim should be
dismissed, <u>see</u> 28 U.S.C. § 1915(e)(2), and I so recommend.

Having found that Plaintiff's federal claim should be
dismissed, the Court has discretion to determine whether it
should exercise supplemental jurisdiction over Plaintiff's state
law claims. <u>DM Research, Inc. v. Coll. of Am. Pathologists</u>, 2

---

[2] Because the Court finds that no state action is present, it
need not address the second element, whether Plaintiff has alleged a
violation of his constitutional rights. However, the Court observes
that Plaintiff does not appear able to do so, since it is unclear how
the publication of an allegedly false and defamatory newspaper article
by a newspaper could amount to cruel and unusual punishment prohibited
by the Eighth Amendment, <u>see</u> Complaint at 7.

3

F.Supp.2d 226, 230 (D.R.I. 1998)(citing 28 U.S.C. § 1367(c)(3)[3]),
aff'd, 170 F.3d 53 (1st Cir. 1999).

> The Supreme Court has held that, as a general rule:
> [n]eedless decisions of state law should be avoided both
> as a matter of comity and to promote justice between the
> parties, by procuring for them a surer-footed reading of
> applicable law. **Certainly, if the federal claims are
> dismissed before trial,** even though not insubstantial in
> a jurisdictional sense, **the state claims should be
> dismissed as well.**

DM Research, Inc. v. Coll. of Am. Pathologists, 2 F.Supp.2d at
230 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86
S.Ct. 1130, 16 L.Ed.2d 218 (1966))(alteration in original)(bold
added).   Based on the foregoing, this Court should decline to
exercise supplemental jurisdiction over Plaintiff's state law
claim(s).   I therefore recommend that Plaintiff's state law
claim(s) also be dismissed.

### Conclusion

I recommend that Plaintiff's Application be denied and that
the Complaint be dismissed.   Any objections to this Report and
Recommendation must be specific and must be filed with the Clerk
of Court within ten (10) days of its receipt.   See Fed. R. Civ.
P. 72(b); DRI LR Cv 72(d).   Failure to file specific objections
in a timely manner constitutes waiver of the right to review by
the district court and of the right to appeal the district

---

[3] Section 1367 provides that:

(c) The district courts may decline to exercise supplemental
jurisdiction over a claim under subsection (a) if--

   . . .

      (3) the district court has dismissed all claims over
   which it has original jurisdiction ....

28 U.S.C. § 1367(c).

court's decision.   See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


*David L. Martin*
_____
DAVID L. MARTIN
United States Magistrate Judge
May 11, 2006