UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MORROBEL CANELO, B.D., Plaintiff, | : | |
| v. | : | CA 06-210 T |
| HOWARD G. SUTTON, THE PROVIDENCE JOURNAL COMPANY, et al., Defendants. | : | |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #2) ("Application") in the instant civil rights action. Plaintiff is suing the Providence Journal Company, ten of its officials and/or employees, and its parent company, the Belo Corporation (collectively "Defendants"), see Complaint (Doc. #1) ¶¶ 3-12, for violations of his constitutional rights pursuant to 42 U.S.C. § 1983, see id. at 1. Plaintiff also invokes the pendent jurisdiction of this Court over matters relating to state law. Id. at 2; see also id. at 6-7.

The Application has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, I recommend that the Application be denied and that the Complaint be dismissed.

**Discussion**

Plaintiff has submitted the required affidavit, see 28 U.S.C. § 1915(a)(1), and certified copy of his prisoner trust fund account statement from the appropriate official at the Adult Correctional Institutions ("A.C.I."), where Plaintiff is

currently incarcerated, see 28 U.S.C. § 1915(a)(2). However, 28 U.S.C. § 1915(e)(2) provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> ...
>
> (B) the action or appeal--
>
> ...
>
> (ii) fails to state a claim on which relief may be granted ....

28 U.S.C. § 1915(e)(2). Such is the case here.

Plaintiff alleges that Defendants have violated his rights under the Eighth and Fourteenth Amendments to be protected from cruel and unusual punishment, see Complaint at 7, by publishing on March 23, 2003, an allegedly false and defamatory news article, see id. at 4, 7, which Plaintiff claims "exposed [him] to public scorn, hatred, co[n]tempt[,] embarrassment, and humiliation," id. at 7. He states that he read the article, which had been clipped from the newspaper and sent to him by his ex-wife, while incarcerated at the ACI. See id.

"The two essential elements of an action under 42 U.S.C. § 1983[1] are ... (i) that the conduct complained of has been

---

[1] Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." Chongris v. Bd. of Appeals of Andover, 811 F.2d 36, 40 (1st Cir. 1987)(citing Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981)); see also Forbes v. Rhode Island B'hood of Corr. Officers, 923 F.Supp. 315, 321 (D.R.I. 1996)(quoting Chongris v. Bd. of Appeals of Andover). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. (citation and internal quotation marks omitted). Section 1983 does not apply to private conduct. See id. ("It is axiomatic that neither Section 1983, nor the Fourteenth Amendment apply to private conduct.")(citing Rodriguez-Garcia v. Davila, 904 F.2d 90, 95 (1st Cir. 1990)).

Plaintiff makes no factual allegations in the Complaint as to how any of Defendants' conduct was "committed under color of state law ...," Chongris v. Bd. of Appeals of Andover, 811 F.2d at 40. Indeed, it appears that he is suing private actors. Thus, the first required element of a § 1983 action is not present.[2] Accordingly, Plaintiff's § 1983 claim should be dismissed, see 28 U.S.C. § 1915(e)(2), and I so recommend.

Having found that Plaintiff's federal claim should be dismissed, the Court has discretion to determine whether it should exercise supplemental jurisdiction over Plaintiff's state law claims. DM Research, Inc. v. Coll. of Am. Pathologists, 2

[2] Because the Court finds that no state action is present, it need not address the second element, whether Plaintiff has alleged a violation of his constitutional rights. However, the Court observes that Plaintiff does not appear able to do so, since it is unclear how the publication of an allegedly false and defamatory newspaper article by a newspaper could amount to cruel and unusual punishment prohibited by the Eighth Amendment, see Complaint at 7.

F.Supp.2d 226, 230 (D.R.I. 1998)(citing 28 U.S.C. § 1367(c)(3)[3]), aff'd, 170 F.3d 53 (1st Cir. 1999).

> The Supreme Court has held that, as a general rule: [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. **Certainly, if the federal claims are dismissed before trial**, even though not insubstantial in a jurisdictional sense, **the state claims should be dismissed as well.**

DM Research, Inc. v. Coll. of Am. Pathologists, 2 F.Supp.2d at 230 (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966))(alteration in original)(bold added). Based on the foregoing, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim(s). I therefore recommend that Plaintiff's state law claim(s) also be dismissed.

**Conclusion**

I recommend that Plaintiff's Application be denied and that the Complaint be dismissed. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district

---

[3] Section 1367 provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> ...
>
> (3) the district court has dismissed all claims over which it has original jurisdiction ....

28 U.S.C. § 1367(c).

court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
May 11, 2006