UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Morrobelcanelo B,D., Pro Se
Plaintiff

Case.#06 210 T

v.

The Attorney General's office,
Patrick Lynch,
Providence Police Department,
Dean Esserman,
The Providence Journal Company,
Belo Corporation,
Howard G. Sutton,
et al.,

As amended

## CIVIL RIGHTS COMPLAINT FOR LIBEL & SLANDER

This is civil action filed pursuant to **42 U.S.C.A. 1983/** Tort Laws by the Plaintiff, Morrobelcanelo B. D, an inmate at the Rhode Island Department of Corrections, Adult Correctional Institutions, in Cranston Rhode Island, alleging violations of his Constitutional rights by the above named defendants. The Plaintiff is seeking declaratory judgement, compensatory and punitive damages an injunctive relief. The Plaintiff seeks trial by jury.

## JURISDICTION

1. This is a civil rights amended action pursuant to Title

42 U.S.C.A. 1983 under tort Laws & Federal and State Constitutional laws. This Court has jurisdiction under Title 28 U.S.C.A. (1331 and 1343)(3). The Plaintiff also invokes the pendent jurisdiction of this Court to decide and hear matters relating to State Law, as well as claims relating to the policies and practices of The Attorney General's office, The Providence Police Department and The Providence Journal Company.

2. The Plaintiff is an incarcerated inmate at the Rhode Island Department of Correctional Institutions in Cranston Rhode Island. He is presently classified to the Minimum security facility.

3. Defendant Patrick Lynch,attorney General for the State of Rhode Island, in Providence, Rhode Island. Located at:150 south Main street, in Providence, Rhode Island. 02903. He is sued in his official and individual capacity.

4.Defendant Dean Esserman, Chief of Police of the Providence Police Department, located at: 1 Communications place, in Providence, Rhode Island. 02903. He is sued in his official and individual capacity.

5. Defendant Howard G. Sutton, Chairman of the Board, Publisher, President and Chief Executive Officer of the Providence Journal Company, in Providence, Rhode Island. Located at: 75 Fountain street, in Providence, Rhode Island, 02902. He is sued in his individual capacity.

# Facts

**1.** On the *23 rd* day of *March* of the year ***2003***, ***The Journal Company*** published an *article* that was in violation of right to privacy, and invasion of privacy. *Plaintiff has a constitutional right to privacy under The U.S. States' and, United States constitution.*

**2.** Defendants published and printed the news article without clear and convincing proof, which violates their right to liberty of press in which, subjects them to the *False Light Doctrine.*

**3.** Defendants acted in bad faith when; they printed a maliciously written or printed publication which tended to blacken plaintiff's reputation, or exposed plaintiff to public hatred and contempt, or ridicule and injure him in his family affairs, profession and daily neighborhood relations with his neighbors.

**4.** The " balance " of the good faith or bad faith rest with the following tow factors: ***(1)*** The view has been taken however, that the publication or distribution , in advance of conviction of an identification record of an accused person who is not a fugitive from justice is an unwarranted invasion of his right to privacy. *(2) The relation to the public of one who has been convicted of a crime is such as to forfeit whatever right of privacy he may be said to have ever posses,* and this is true at least to the extent that the protection of society requires such forfeiture.**[ N.J.- Mc Govern. v. Van Riper,43 A.2d 514 136 N.J. Eq.24, affirmed in part 45 A.2d 842, 137 N.J. Eq. 548; Wash.- Hodgeman v.Olsen, 150 P. 1122, 86 Wash. 615].**

**5.** Defendants violated "False Light Privacy " where a privacy action is brought against the media because a report has been published that is false, the privacy plaintiff will be require to show if the report was newsworthy that the publication was made with actual malice. **Time, Inc v. Hill, 385 U.S. 374, 87 s. ct. 534, 17 L ed.2d 456.**

**6.** Defendants submitted " false statement " to the public knowingly false, or made recklessly without honest belief in its' truth and with purpose to mislead or deceive. **Third Nat. Bank v. Shatten C.C.A.Tenn, 81 F. 2d 538,540.** an incorrect statement made or acquiesced in with knowledge of incorrectness or with reckless indifference to actual facts and with no reasonable ground to believe it correct. **International Shoe Co. v. Lewine,C.C.A.Pa., 131 F. 2d 8876, 878.**

**7.** Invasion of privacy is an unjustified exploitation of one's personality or intrusion into one's personal activities, actionable tort law and sometimes under Constitutional law. **[cases: torts ⊔ 8.5 C.J.S. right of privacy and publicity § 2].**

**8.** Defendants were recklessly negligent in the authority to the effect that the right is a property right. **Mo.- Munden v. Harris 134 S.W. 1076,153 Mo. App. 652.** At least

where the right of an individual to privacy with respects to his own name or picture is involved.
**U.S..- Pierson v. News Group Publications Inc., D.C. G A., 549 F. supp. 635.** Therefore a corporation does not have a right of privacy. **[U.S.-CNA Financial Corp. v. Local 743 of intern. Broth. of Teamters , Chauffers, warehousemen and Helpers of America,D.C.Ill., 515 F. supp. 942.**

**9.** That the rights of privacy concerns directly claimants own peace of mind. **Mass. - Thermo v. New England Newspaper Pub. Co.,27 n.e. 2d 753, 306 Mass. 54.** It has been stated broadly that the right of privacy is designed to protect those persons with whose affairs the community has no legitimate concern from being dragged into an undesirable and undesired publicity, and to protect all persons from having matters which they may properly prefer to keep private made public against their will. **[ Fla.- Cason v. Baskin, 30 50. 2d 635, 159 Fla. 31].**

**10.** That the defendants violated their right to Liberty of Press in their falsehood and had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and false light to which the other *(plaintiff)* might be placed. Which subjects defendants to violation of plaintiff's 1rst Amendment rights to privacy as recognized under The Constitution of The United States of America, as proscribed by law, an improper innuendo, **Restatement (second ) of torts § 652 є (1977)** such statements are made actionable in court *libelous per quo.* **Reid v. Providence Journal Co.37 A.637.20 R.I.120.** In regards to private citizens, the states may apply their own laws in respects to the publishing of defamatory material; except that liability may not be established without fault and in the event that exemplary damages are to be awarded, then the "actual malice" element must be shown by clear and convincing evidence. **De Carvalho v. Da Silva, 414 A.2d 806 (R.I.1980). *(see plaintiff's newspaper article in original complaint # ca. (06-210 T).***

**11.** That the slandering remark cause plaintiff to suffer greatly destroying family relations which, generally an utterance is deemed "***slanderous per se***", " ***when publication changes the commission of a crime***". *see* **Munafo v. Helfand, D.C.N.Y., 140 F. supp. 234, 238. Restatement (second) torts 570, and 563 (є ) 1977...***see* **Corabi v. curtis pub, Co., 441 pa. 432, 273 A.2d 899, 904, Washer v. Bank of America Nat. Trust & Savings ass'n, 21 Cal. 2d 822, 136 p. 2d 297, 300. Alves v. Hometown Newspapers, Inc. 857 A.2d 745 (R.I. 2004).**

**12.** *A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.* **Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.CT. 99, 102, 2 L. Ed. 2d 80 (1957).** Although some courts have held that plaintiff is not required to plead *special damages* in order to state *a cause of action for false light invasion of privacy.* **Cal.- Selleck V. Globe Intern, Inc. 2 dist. 212 Cal RPTR 838.** Plaintiff does claim special damages of mental distress. *See reports inclosed herein with complaint.*

**13.** That as stated in the false light statement in the Providence Journal article in the local news edition of ***march,23-rd 2003***, *and Mr. Morrobel identified himself using his eldest son's name*, constitutes a claim whereas, in ***Alves v. Hometown Newspaper, Inc***. states that Palazzo argued that plaintiff's complaint constituted a "*slapp suit*" seeking to punish Palazzo for writing letters to the editor discussing public matters and criticizing plaintiff. Palazzo maintained that his letters merely were commentary " that is typical of *opinions* regarding public events that aired in any public forum such as a town council meeting or a *newspaper*". Palazzo also alleged that the complaint did not comply with rule ***8 (a)*** of the Superior Court rules of civil procedures because, it did not identified the specific statements published by Palazzo that allegedly were false. Whereas stated in the false light statement in the Providence Journal article in the local news edition, ***and Mr. Morrobel identified himself using his oldest son's name***, constitutes a claim of special damages under mental stress, actionable under false- light invasion of privacy, as asserted, inserted and insetted into the United States Constitution. *see* **Alves v. Hometown Newspaper, Inc. 857 A.2d 743 (R.I. 2004)**. **Also Glove Intern, Inc. 2 dist., 212 Cal RPTR 838 166 C.A. 3d 1123.**

**14.** That the communication was broadcast to the public in general, or publicized to a large number of people. **Mich.- Dzierwa v. Michigan Oil co., 393 N.W. 2d. 610, 152 Mich. App. 281.** Plaintiff must allege that the publication was false. **Ind., 555 N.E. 2d 1324.** That as proscribed herein, where reasonable persons may differ as to whether the facts support plaintiff's claim of invasion of privacy, the question must be submitted to a jury to decide. **U.S.- Dempsey v. National Enquirer, D. Me., 702 F. supp. 934 C.A. 3d. 118.**
***"Evidence need not be admissible to be relevant and thus discoverable".*** **Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 s.ct. 2199 81 L. ed. 2d 17 ( 1984 ); Klein v. Aig Trading Group inc. 228 F.R.D, 418 (D. Conn. 2005); Bruggerman Ex Rel. Bruggerman V. Blagojevich 219 F.D.R. 430, 432 (N.D. Ill. 2004).**

**!5.** *Federal rules of civil procedure*, ***rule* 26 (b) (1)** states that relevant inadmissible evidence is discoverable if it's reasonably calculated to lead to the discovery of admissible evidence. **Glover v. South Carolina Law Enforcement Division, 170 F. 3rd 411 (4th cir. 1999), Cert. dism'd, 528 U.S. 1146, 120 S. ct. 1005, 145 L. ed. 2d 1065 (2000).** Conversely, admissible evidence is almost always discoverable. **Terwillinger v. York Int'l Corp., 176 F.R..D. 214, 218 (W.D. Va. 1997).**The ***tort*** of invasion of privacy relating to publicity given to private life or public disclosure of private facts, consists of various elements including publicity, disclosure of private facts involving a matter that would be highly offensive to a reasonable person and of no legitimate concern to the public. **Mo.- Buller v. Pulitzer Pub. Co., app., 684 S.W. 2d. 473. U.S – Heath V. Playboy Enterprizes Inc., S.D. Fla., 732 F. supp. 1145.**As in ***libel***, which is a maliciously written or printed publication which tends to blacken a person's reputation or to expose him to public hatred , comtempt, or to ridicule or injure him in his business or profession. **[(Corabi v. curtis Pub. Co., 441 Pa. 432, 273, A.2d. 899, 904)]**, to which is also an accusation in writing or printing against the character of a person which affects his reputation, in that it also tends to hold him up to shame, disgrace, obliquity stemming from obloquy, degrade him in the estimation of the community, induce an evil opinion of

him in the minds of right thing persons, to make him an object of reproach to diminish his respectability or abridge his comforts, to change his position in society for the worse, to dishonor or discredit him in the estimation of the public or his friends and acquaintances, or to deprive of friendly intercourse in society. [P]laintiff did research that, "[u]nder the first Amendment there is no such thing as a false idea, how ever *pernicious* an *opinion* may seem, we depend for its correction not on the conscience of judges and juries, but on the competition of other ideas. " **Gertz v. Robert Welch, Inc., 418 U.S. 323, 339- 40, 94 S. ct. 2997, 3006- 07, 41 L Ed. 2d 789 (1974).**

**16.** That the defendant claims to suffer from mental anguish in this complaint, a mental event when connected with a physical injury, which in terms, also includes both the resultant mental sensation of pain, (as Plaintiff was injured during the course of his arrest; *right shoulder dislocation.) **See police report,*** and also the accompanying feeling of distress, fright, and anxiety. As an element of damages implies a relatively high degree of mental pain and distress; It is more than mere disappointment, anger, worry, resentment, or embarrassment, although it may include all of these, and it includes mental sensation of pain resulting from such painful emotions such as grief, severe disappointment, indignation, wounded pride, shame, despair, and public humiliation. **Trevino v. Southwestern Bell Tel. Co., Tex cave. App.,582 S.W. 2d. 582, 584.** The civil rights\ *tort* action claim for invasion of privacy under False Light \ Libel and Slander Plaintiff made in this court against Providence Journal and the Attorney General's office did show that plaintiff does suffer from ***psychosis n.o.s. disorder*** accompanied with ***mental distress and anguish*** (*see psychiatrist's reports),* from having been exposed to public view in the way that they did and meant. ***See*** **Time, Inc. v. Hill 385 U.S. 374, 384 n.9. 87 S.ct. 534, 540 n.9. 17 L e.d. 2d. 456 (1967).**

> The main process of a libel challenge consists of inspecti- ng The available data, selecting the truth from the false, the important from the unimportant and arriving thereby at co- clusions one makes that can apply. If one does this, one is well on the way to being competent. If one blindly accepts "facts" or "truths" just because he is told that he must, "fa- cts"and "truths" which do not seem true to one, or even fa- lse, the end result can be an unhappy one. That is a way do- wn the alley towards the trash bin of incompetence.

# CLAIMS

## First Cause of Action

1. Constitutional violation was caused when the defendants violated plaintiff's first amendment right by subjecting him to false-light doctrine, via statement made, produced and distributed to a large audience and online, this subjected plaintiff to be entitled to relief because the violation of plaintiff's 1rst Amendment Rights of Privacy were violated under the Privacy Act. Indeed, the statements produced amounts to at least negligence and acted in reckless disregard on behalf of the defendants, because its an unjustified exploitation of one's personality, or, intrusion into one's personal activities, as plaintiff was a law-abiding citizen, and, a non-fugitive, or, a felon at the time of plaintiff's arrest.(actionable tort law and sometimes under Constitutional law.)see Rights to Privacy.[ **cases: torts 85 C.J.S. RIGHT OF PRIVACY AND PUBLICITY §2.]**

## Second Cause of Action

2. That the actions committed by all named defendants in pages 2-3,paragraphs 3-12 of this complaint versus The Providence Journal violated plaintiff's 1rst Amendment right of the United State Constitution and the Rhode Island State Constitution, rights that invokes protection to citizens from the U.S. Constitutions' First Amendment Clause, Invasion Of Privacy Act which is also protected by the fourteenth Amendment of the U.S. Constitution and the Rhode Island State Constitution.

## Third Cause of Action

That the defendants caused some irreversible and irreparable mental damage and it includes mental sensation of pain resulting from such painful emotions as grief, severe disappointment, indignation, wounded pride, shame ,despair and public humiliation in which exposed plaintiff to public scorn, hatred, contempt and embarrassment **.[Trevino v. Southwestern Bell tel. co., civ. App., 582 s.w. 2d 582,584]** *see exhibits=medical report(s).*

Fourth Cause of Action

3. That the namely defendants violated their right to liberty of press in their falsehood creation thereof, and had knowledge of,or,acted, in reckless disregard as to the falsity of the publicized matter and the false light in which the other will be placed , in violation of plaintiff's first amendment's rights to privacy under the Constitution of the United States of America. [restatement **( second of Torts § 652 e (1977 ) .]**

Fifth Cause of Action

4. That the defendant's afore -mentioned in this claim, succumbed their liberty of press when they violated plaintiff's first amendment rights of privacy .Unjustifiably exploiting plaintiff's personality ,or, intruding into his personal activities. Indeed, plaintiff has the right to keep his good name from being exposed to sensitive ,or confidential information, or, to be free from unwarranted public scrutiny ,or, exposure ,and, plaintiff has the right to choose to determine whether ,how ,and to what extent information about himself is communicated to others .[ **cases: Torts [8.5 C.J.S. Right of Privacy and Publicity § 2. Information Privacy. Right of Privacy. Invasion of Privacy; also see "Right to Privacy."**

RELIEF

Wherefore, the Plaintiff request that this Honorable Court enter the following relief:

A. Issue Declaratory Relief against the named Defendant(s) stating that they did in fact violate Plaintiff's Constitutional Rights of invasion of privacy under false-light, First Amendment of the United States Constitution, and that defendants did in fact violate their rights to freedom of press by not adhering to the publisher's code of ethics and company policies when the district attorney did indeed allow and authorize the Providence Journal Company to print and publish statements in violation of Plaintiff's First, Fifth, and Fourteenth Amendments rights of the United States Constitution, because Plaintiff was neither a fugitive of the law nor a convicted felon at the point and time of his arrest. Actionable libelous per quo, (as third party defendant(s)), First Amendment of the United States Constitution, causing Plaintiff mental distress and anguish.

B. Grant Compensatory Damages in the amount of One Hundred Thousand ($100,000) against each and all named defendants individually and personally.

C. Grant Punitive Damages in the amount of One Hundred Thousand ($100,000) against all named defendants individually and personally.

D. Grant any and all other relief that the Plaintiff may be entitled to under the laws of the United States of America, and that of the United States Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November, 20th, 2006.

Braulio D. Morrobelcanelo / Pro Se,.
P.O. Box 8212 - Minimum - A-15-F
Cranston, R.I. 02920