# MOTION TO COMPEL DISCOVERY, INSPECTION, AND PRODUCTION (FEDERAL)

Now comes the Plaintiff Braulio D. Morrobelcanelo,through Pro Se, and respectfully moves this Honorable Court, pursuant to Rule 16, Federal Rules of Criminal Procedure,to Order the Attorney General of the State of Rhode Island, to permit the Plaintiff to inspect, copy, photograph, or analyze the following tangible objects in their possession, custody or control of the Attorney General's Office, the existence of which is known, or by the exercise of due diligence, may become known to Plaintiff or U.S. Government, and to provide Plaintiff with the information sought herein, including any and all material or information which is discovered in the future by the Government:

1. To produce and allow the Plaintiff to inspect and review all tangible items of evidence which the Attorney General proposed to use against the Plaintiff, had there been a trial.
2. To produce and allow Plaintiff to examine and copy any and all pictures, taken by Providence Police investigators, pertaining to the substance of the criminal case, of which members of any law enforcement agency might have shown to any witnesses in connection with Plaintiff's criminal case, which subjects it to discovery in the civil rights complaint. case #06 210T.
3. Submit copies of all written, oral, recorded statements, or written, oral or recorded confessions or admissions whether reduced to writing or not, summarized in police reports or not, made by the Plaintiff which the Attorney General Proposed to produce as evidence in the criminal cause. This request inclu-

des, but is not limited to, any alleged conversations by the Plaintiff with any person, whether an agent of the Government or not, who claims to have overheard or have engaged with the Plaintiff in any conversation which, the Attorney General's sole purpose was to introduce it in the criminal cause.

4. Submit a list of the names and addresses of all persons the Attorney General intended to call as witnesses in the criminal cause.

5. Submit copies of all reports or statements of experts made with respect to physical examinations or scientific experi ments made in connections with the criminal cause.

6. Submit any written, recorded or summarized statements of all persons whom the Attorney General planned to call as witnesses to be delivered to Plaintiff at least ten (10) days prior to (Federal) civil complaint jury trial, [U]nder Title 42 Section 1983.

7. The Plaintiff's showing of good cause for the request of said relief is as follows:

(a).The granting of this motion will insure to Plaintiff the confrontation of all witnesses against the Plaintiff and the knowledge and nature of the accusation against the (defendants), as guaranteed to them by the Sixth Amendment to the United States Constitution.

(b).The granting of this motion will bring before the Court all of the evidence tending to produce a just, fair and impartial trial.

(c).The granting of this motion will either dispense with the need for a trial, or will materially curtail and streamline

the proceedings to be had later herein.

8. Plaintiff respectfully request this Honorable Court to order the Attorney General to produce and permit the inspection and copying, by or on behalf of the Plaintiff or his attorneys, of any and all evidence under the control of or in the custody of the Attorney General's office, or its law enforcement agencies, which evidence might have been use in the state's criminal prosecution, had there have been a criminal trial; including, but not limited to:

(a)Any and all memoranda of any oral or written statements of the Plaintiff, or any witness or witnesses, concerning the incidents which gave rise to the civil rights allegations therein, irrespective of whether said statements are exculpatory or inculpatory so far as the Plaintiff is concerned.

(b)Any and all memoranda, oral statements, or conduct of any person, including, but not limited to, police officers, witnesses and Plaintiff, which memoranda, oral statements or conduct gave rise for the justification, under law, for the arrest and restraint of the Plaintiff.

(c)Other matters, subject to discovery, to be raised at time of hearing of this motion.

9. This Motion is made in good faith an d not for the purpose of delay or to engage in a "fishing expedition". The requested items are in the possession of the Attorney General and can not be examined prior to trial other than by order of this Honorable Court. The materiality and necessity for the items requested, and for such other and further items, the existence

of which may be determined upon a hearing of this Motion,will be shown at the hearing on this Motion and upon the hearing of other motions to be filed hereafter by the Plaintiff.

WHEREFORE,Plaintiff, though litigating Pro Se, respectfully request this Honorable Court to enter any and all appropriate orders necessary to accomplish the foregoing matters contained in this Motion to compel Discovery, Inspection and Production, and for such other and further relief as may appear necessary and proper upon a hearing of this Motion.

Respectfully submitted,

Morrobelcanelo B,D. Pro Se

Date.December,25th, 2006.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COURT OF RHODE ISLAND**

**Morrobelcanelo B.D, Pro Se**
**Plaintiff**

**V.**

**The Attorney General,**
**Patrick Lynch,**
**Providence Police Department,**
**Dean Esserman,**
**The Providence Journal Company,**
**Belo Corporation,**
**Howard G. Sutton,**
**et al.,**
**Defendants**

**Case #06 210 T**